UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE SANTOS #12779-040,

    Movant,

v.

File No. 1:07-CV-1236

HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
    _____/

**O P I N I O N**

    This matter comes before the Court on Movant Jose Santos's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

**I.**

    Movant pleaded guilty to an indictment charging him with reentry of a deported alien after an aggravated felony conviction in violation of 8 U.S.C. § 1326. On September 28, 2006, Movant was sentenced to 78 months in prison. *United States v. Santos*, 1:06-CR-101 (W.D. Mich.) Movant's conviction and sentence were affirmed on appeal. *United States v. Santos*, No. 06-2318 (6th Cir. Apr. 20, 2007).

**II.**

    A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the

maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

An ineffective assistance of counsel claim, however, is not subject to the procedural

2

default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

Movant contends that counsel was ineffective for failing to object at sentencing to the calculation of his offense level and his criminal history category.

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the Defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

The presentence report calculated Movant's total offense level as 21 and his criminal history category as VI, resulting in a sentencing guidelines range of 77 to 96 months of imprisonment. Defense counsel did not object to the presentence investigation report, but he did file a sentencing memorandum and a supplemental memorandum. Case No. 1:06-CR-101 (Dkt. Nos. 24, 25). Movant was sentenced near the bottom of the sentencing guidelines range. Defense counsel filed an *Anders* brief on appeal, stating that no error was committed at sentencing. The court of appeals affirmed the sentence.

The sentencing guidelines provide that if the defendant was previously deported after

3

being convicted of a crime of violence, the base offense level of 8 should be increased by 16 levels. U.S.S.G. § 2L1.2(b)(1)(A)(ii). Movant contends that his conviction for first degree criminal sexual conduct should not have been considered a crime of violence and that counsel was ineffective for failing to raise this argument.

The commentary to the sentencing guidelines provides that "crime of violence" includes forcible sex offenses, statutory rape, and sexual abuse of a minor. The presentence report noted that Movants' conviction for first degree criminal sexual conduct followed from a complaint that Movant and three other men engaged in sexual penetration of a fifteen year old girl after supplying her with alcohol. At his plea hearing Movant admitted that he had been convicted of first degree criminal sexual conduct pursuant to his guilty plea. (*Santos*, No. 1:06-CR-101, Dkt. No. 23, Plea Tr. 27.) At sentencing defense counsel confirmed that he went over Movant's criminal history with Movant, and Movant confirmed that the presentence report adequately represented his background and history. (*Santos*, No. 1:06-CR-101, Dkt. No. 37, Sent. Tr. 4-5.)

Movant also contends that counsel was ineffective for failing to challenge the calculation of his criminal history points. Movant has not articulated any cognizable objection to the calculation of his criminal history points.

Counsel was not ineffective for failing to challenge the total offense level or the criminal history category. Movant confirmed the accuracy of the underlying facts, and the presentence report correctly calculated the offense level and criminal history category based

4

upon those facts. On this record there is no basis for finding that defense counsel's performance "fell below an objective standard of reasonableness," or that "there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

## IV.

Movant has also filed an amended § 2255 petition seeking vacation of his sentence because his 1992 conviction for first degree criminal sexual conduct has been set aside. Movant has appended a copy of the February 8, 2008, Ionia County Circuit Court order in Case No. 92-N-9620-FC, granting Movant's motion for relief from judgment pursuant to Michigan Court Rule 6.500, and reversing and expunging his conviction from his record based on the prosecutor's failure to respond to the motion. (Dkt. No. 4, Amendment to § 2255 Pet.)

The Supreme Court noted in *Custis v. United States*, 511 U.S. 485 (1994), that if the defendant was successful in attacking his state sentences, "he may then apply for reopening of any federal sentence enhanced by the state sentences." *Id.* at 497. *See Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999) ("We read *Custis* as requiring Turner to challenge the underlying state convictions first in the state court or in an independent habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. Only after Turner succeeds in such a challenge can he seek to reopen his sentence in this case."); *Watt v. United States*, 162 F. App'x 486, 503 (6th Cir. 2006) ("Absent a valid judgment of conviction, the district court may not assume that Watt committed the state crimes charged or require him to prove that he did not commit them. Accordingly, we conclude that it would be a miscarriage of justice

5

to enhance Watt's federal sentence on the basis of state convictions which have been vacated because they were void."). Where, as here, the conviction and the sentence were both based upon a prior conviction that was subsequently set aside, the sentence can be attacked, but the validity of the underlying conviction will not be affected. *See United States v. Steverson*, 230 F.3d 221, 226 n.4 (6th Cir. 2000) ("We note that if Steverson were to succeed in having his 1981 convictions invalidated in a state court or § 2254 proceeding, he might be able to attack his ACCA sentence enhancement – but not his underlying § 922(g)(1) conviction – in a § 2255 petition."). The government's citation to *United States v. Morgan*, 216 F.3d 557 (6th Cir. 2000), does not affect the Court's analysis. In *Morgan* the Court held that the subsequent restoration of civil rights was "immaterial" to the defendant's charge of being a felon in possession of firearm. *Id.* at 565-66. *Morgan* did not address whether the prior conviction could still be used to enhance the sentence.

In light of the reversal and expungement of Movant's 1992 conviction, Movant's § 2255 petition will be granted, his sentence will be vacated and he will be resentenced by this Court.

An order consistent with this opinion will be entered.


Dated: August 7, 2009               /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE